**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **DALE FREDEKING,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:04CV111-DJS |
| | ) |
| **CITY OF ARNOLD, MISSOURI, et al.,** | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

The parties have filed a joint motion asking that the Court issue an order directing the City of Arnold's Police Pension Plan to pay to plaintiff Dale Fredeking "a lump sum retirement benefit payment" of $135,000.00. The requested order would include certain provisions concerning permissible withholdings from the payment but limiting administrative fees associated with the payout. The Court presumes the contemplated payment is part of a settlement agreement between the parties, but the motion does not offer that or any other basis for the request.

The Court has concerns about the propriety of such an order. Plaintiff's complaint is brought under 42 U.S.C. §1983, and alleges that his termination as the Chief of Police of defendant City of Arnold was in violation of his due process rights. The motion does not address whether the pension plan is an employee

welfare benefit plan governed by ERISA.[1] The complaint contains no claims under ERISA. Although there are general references to "benefits" of employment in the complaint, the relief sought in the joint motion may not be relief sought or supported by the complaint.

In addition, plans governed by ERISA are themselves suable entities, see 29 U.S.C. §1132(d), and the plan is not a party to this action. If the plan were not governed by ERISA and was subject to the discretionary control of the City or City Council, who are the named defendants, the requested order would not likely be wanted. Finally, the legal authority for the prescribed limitation on withholdings from the benefits payment is not addressed by the parties.

For all these reasons, the Court requires further explanation and analysis by the parties as to the Court's authority to issue such an order, particularly if it would be directed to a non-party entity governed by ERISA or any other legal authority.

Accordingly,

**IT IS HEREBY ORDERED** that, within five business days of the date of this order, the parties shall file a memorandum in support of their joint motion [Doc. #21], which shall address the issues identified by the Court as to the circumstances underlying

---

[1] The Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq*.

the motion and the legal authority and propriety of the Court's issuance of the order requested in the motion.

Dated this  3rd  day of June, 2005.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE